UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                                Plaintiff,

-against-

SAGE ARCHIPOLO and DANIELLE ARCHIPOLO,

                                Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
23-CV-00217 (JMA) (JMW)

FILED
CLERK
4:17 pm, Feb 20, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Plaintiff Freedom Mortgage Corporation brought the instant action to foreclose on a mortgage encumbering the property at 51 Roy Avenue, Massapequa, New York 11758 (the "Property"). (See Compl., ECF No. 1.) Presently before the Court is Plaintiff's unopposed motion for default judgment (the "Motion"). (See ECF No. 14.) Plaintiff seeks recovery of outstanding amounts owed under the mortgage note, as well as entry of a judgment of foreclosure and sale of the Property. For the reasons set forth herein, Plaintiff's motion is GRANTED.

## I.    BACKGROUND

**A.    Facts**

      On June 15, 2016, Defendants Sage Archipolo and Danielle Archipolo ("Borrowers") executed a note in favor of Plaintiff in the amount of $442,612.00 (the "Note"). (ECF No. 16-6, Exhibit ("Ex.") 1.) That same day, Borrowers executed a mortgage on the Property to secure the Note (the "Mortgage") in which the mortgagee of record was nonparty Mortgage Electronic Systems Inc. as nominee for Plaintiff. (ECF No. 16-6, Ex. 2.) On June 23, 2016, the Mortgage was recorded in the Nassau County Clerk's Office. (Id.) On November 14, 2017, the Mortgage was assigned to Plaintiff; this assignment was recorded in the Nassau County Clerk's Office on December 12, 2017. (See ECF No. 16-6, Ex. 3.)

Since May 1, 2020, Borrowers have breached the Note and Mortgage (the "Agreements") by failing to make the required monthly payments. (ECF No. 16-6 ¶ 6; see ECF No. 16-6, Ex. 4.)

On May 5, 2022, Borrowers were sent a default notice via first class mail, which stated that the total amount in arears was $91,194.58 and Borrowers must correct the default. (ECF No. 16-6, Ex. 8.) The default notice further stated that the Borrower's failure to cure the default by June 7, 2022, would permit acceleration of the loan and foreclosure and sale on the Property. (See id.) On May 16, 2022, Borrowers were sent via first class and certified mail the 90-day notice required by New York's Real Property Actions and Proceedings Law ("RPAPL") Section 1304(1). (See ECF No. 16-6, Ex. 6.) Consistent with RPAPL Section 1306, the Superintendent of the New York State Department of Financial Services was notified within three days that the 90-day notice was sent to Borrowers. (See ECF No. 16-6 ¶ 8; ECF No. 16-6, Ex. 7.)

**B.      Procedural History**

On January 13, 2023, Plaintiff filed the Complaint. (ECF No. 1.) On April 1, 2023, Borrowers were served with the Complaint, the special summonses required by RPAPL Section 1320, the notice required by RPAPL Section 1303, and the certificate of merit required by the New York Civil Practice Law and Rules ("CPLR") Section 3012-B. (ECF Nos. 6-7.) Borrowers did not answer or otherwise respond to the Complaint.

On May 1, 2023, The Clerk of the Court entered a certificate of default for Borrowers. (See ECF No. 9.) On May 22, 2023, Plaintiff filed a notice of pendency in the Nassau County Clerk's Office consistent with RPAPL Section 1331. (See ECF No. 16-3.)

On December 6, 2023, Plaintiff filed the instant motion and served same by mail upon Borrowers. (See ECF Nos. 14-17.) Neither of the Borrowers opposed this motion.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default has been entered against the defendant, and provided the defendant failed to appear and move to set aside the default, the court may, on a plaintiff's motion, enter a default judgment. See FED. R. CIV. P. 55(b)(2).

Before imposing a default judgment, the district court must accept well-pled allegations as true and determine whether they establish the defendant's liability as a matter of law. See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Id. at 189 (internal quotation marks and alterations omitted). Instead, the plaintiff must establish to a "reasonable certainty" entitlement to the relief requested. Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks omitted).

## III. DISCUSSION

### A. Defendants Defaulted

As detailed above, each Borrower was properly served with a summons and the Complaint but failed to answer, file an appearance, or otherwise defend this action. See supra Part I. The Clerk of the Court properly entered a certificate of default for Defendants on May 1, 2023. (ECF No. 9.)

3

B.  **Defendants' Liability**

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (quoting Campaign v. Barba, 805 N.Y.S.2d 86, 86 (2d Dep't 2005)). "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has demonstrated its prima facie case of entitlement to judgment." Id. (citing Fleet Natl. Bank v. Olasov, 793 N.Y.S.2d 52, 52 (2d Dep't 2005)).

Here, Plaintiff submitted copies of the Note, in which it is the original lender; the Mortgage, in which Plaintiff's nominee was the mortgagee; and the assignment of the Mortgage from Plaintiff's nominee to Plaintiff. (See ECF No. 16-6, Ex. 1, Ex. 2, Ex. 3). Those documents establish the existence—and Plaintiff's ownership—of the Mortgage and Note. See, e.g., Nissan Motor Acceptance Corp. v. Nemet Motors, LLC, No. 19-CV-3284, 2022 WL 4651667, at *3 (E.D.N.Y. Sept. 29, 2022) ("Where, as here, the plaintiff is also the original lender, production of the mortgage and note establish standing.").

Plaintiff submitted evidence of Borrowers' default in the form of an affidavit by Kyeshia Renee Wickware, FCL Specialist II for Plaintiff, which states that Borrowers defaulted on the Agreements on May 1, 2020, and have not cured their default. (See ECF No. 16-6 ¶ 6.) Additionally, Plaintiff submitted the notices that it was required to send to Borrowers under the terms of the Agreements, as well as proof that it complied with its obligations under the RPAPL and CPLR. See supra Part I.

This documentary evidence, together with the allegations in the Complaint, are sufficient to establish Borrowers' liability. Thus, Plaintiff has established its right to foreclose upon the Property. Accordingly, a judgment of foreclosure and sale will be entered.

**C.     Damages**

In addition to the foreclosure and sale of the Property, Plaintiff requests from Borrowers $526,927.64 composed of (1) $525,750.32 in compensatory damages for amounts owed under the Agreements, and (2) $1,177.32 in costs in connection with this action. (See ECF No. 16-8.) The Court may, without holding a hearing, rely on documentary evidence to determine damages. See Bricklayers, 779 F.3d at 189 (affirming default judgment's award of damages calculated without a hearing based on briefs, audits, and affidavits); Metro Found. Contractors, 699 F.3d at 234-35 (holding that default judgment damages may be based on "detailed affidavits and documentary evidence" and affirming default judgment damages so awarded). The Court finds, for the reasons set forth herein, that Plaintiff's submissions adequately support the requests for compensatory damages and costs. Accordingly, Plaintiff is awarded the requested total of $526,927.64.

    **1.     Compensatory Damages**

The Court finds that Plaintiff's submissions, including the affidavit from Ms. Wickware, establish its requested compensatory damages to a reasonable certainty. (See ECF No. 16-6 ¶ 11 (reporting amounts owed for, among other things, principal balance, interest, and tax disbursements); ECF No. 16-6, Ex. 4, Ex. 5 (detailing underlying calculations in support of amounts owed).) Accordingly, Plaintiff is awarded $525,750.32 in compensatory damages.

## 2. Costs

The Agreements obligate Borrowers to pay all costs and disbursements, to the fullest extent allowed by law, in connection with enforcing the Agreements. (See ECF No. 16-6, Ex. 1 ¶ 6(E); ECF No. 16-6, Ex. 2 ¶ 24.) "[O]ut-of-pocket litigation costs are generally recoverable if they are necessary for the representation of the client." Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC., 553 F. Supp. 2d 201, 210 (E.D.N.Y. 2008) (internal quotations and alteration omitted); see LeBlanc–Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (similar). Plaintiff accordingly requests $1,177.32 for costs incurred in connection with this action, such as (among other things) the filing fee and service of process.[1] (ECF No. 16-8 at 2.) "Such relief is routinely granted in foreclosure actions where," as here, they are "provided for in the relevant agreements." U.S. Bank Nat'l Ass'n v. 2150 Joshua's Path, LLC, No. 13-CV-1598, 2017 WL 4480869, at *5 (E.D.N.Y. Sept. 30, 2017).

Plaintiff "bears the burden of adequately documenting and itemizing the costs requested." U.S. Bank Nat'l Ass'n as Tr. for Structured Adjustable Rate Mortg. Loan Tr., Mortg. Pass-Through Certificates, Series 2007-8 v. Whittle, No. 22-CV-05484, 2023 WL 8189938, at *7 (E.D.N.Y. Nov. 27, 2023) (internal quotation marks omitted). "Court fees reflected on the Court's docket and costs for which a claimant provides extrinsic proof, such as an invoice or receipt, are considered sufficiently substantiated, as is a sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items." Antoine v. Brooklyn Maids 26, Inc., 489 F. Supp. 3d 68, 105 (E.D.N.Y. 2020). Plaintiff's Statement of Damages, in which Plaintiff's counsel swears under penalty of perjury to itemized costs Plaintiff seeks to recover (see ECF No. 16-8 at

---

[1] Plaintiff does not request attorney's fees, i.e., recovery to compensate for counsel's efforts to prosecute this action beyond out-of-pocket litigation costs. (See ECF No. 15 at 9; ECF No. 16-8 at 2.)

6

2), substantiates the relief requested therein. See, e.g., Whittle, 2023 WL 8189938, at *7 (awarding costs because counsel attested to them under penalty of perjury); Mendoza v. CGY & J Corp., No. 15-CV-9181, 2017 WL 4685100, at *3 (S.D.N.Y. Oct. 17, 2017) (same). Accordingly, Plaintiff is awarded $1,177.32 for costs.

## IV.   CONCLUSION

For the reasons stated above, the Motion is GRANTED. The Court will separately enter an order of foreclosure and sale.

**SO ORDERED.**

Dated:   February 20, 2024
         Central Islip, New York

                                        /s/ (JMA)
                                   JOAN M. AZRACK
                                   UNITED STATES DISTRICT JUDGE

7